IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

**Philip D. Hewett**,
    Debtor.

CASE NO.: 9:15-bk-02105-FMD

_____/

## MOTION TO ANNUL AUTOMATIC STAY RETROSPECTIVELY

**COMES NOW** the Debtor, **Philip D. Hewett**, by and through the undersigned attorney, and respectfully presents as follows:

### PRODUCRUAL BACKGROUND

1. On February 27, 2015, the Circuit Court entered a Final Judgment of Foreclosure on Debtor's home ("the State Court Action").

2. On March 2, 2015, Debtor filed a pro se "barebones" petition for bankruptcy in this Court under Chapter 13 of the United States Bankruptcy Code.

3. On March 9, 2015, Debtor filed a Notice of Appeal in the State Court Action, attempting to appeal the Final Judgment of Foreclosure on the grounds that the creditor, Wells Fargo, lacked standing when the State Court Action was filed.

4. Wells Fargo moved to dismiss this appeal, arguing the automatic stay rendered the Notice of Appeal void. On June 1, 2016, Florida's Second District Court of Appeal granted that motion and issued a published decision dismissing Debtor's appeal in the State Court Action for lack of jurisdiction. See Hewett v. Wells Fargo Bank, N.A., 2016 WL 3065014 (Fla. 2d DCA 2016).

### RELIEF REQUESTED

5. Section 362 of the Bankruptcy Code creates an automatic stay applicable to all entities that, in general, and with some specific exceptions, stays all acts against a debtor and property

of a debtor's estate to recover on a pre-petition claim. 3 Collier on Bankruptcy 362.01 (Lawrence P. King et al. eds., 15th ed. rev.2001).

6. The relevant provision of the Bankruptcy Code provides as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under sections 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of
>> (1) the . . . continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of a case under this title;

11 U.S.C. § 362(a)(1) (1994).

7. However, the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay." 11 U.S.C. § 362(d) (1994).

8. Several courts have retroactively annulled an automatic stay on the precise facts at bar. See e.g. In re. Hoffinger Industries, Inc., 273 B.R. 777 (Ark. 2002). Such a ruling not only comports with the Bankruptcy Code, but basic notions of fairness. To wit, the purpose of the automatic stay is to protect debtors, not prevent them from pursuing appellate relief in actions where creditors have sued them. Here, retroactively annulling the automatic stay would inure to the Debtor's benefit, as it would enable Hewett to pursue appellate remedies in the State Court Action to which he would otherwise be entitled. Wells Fargo, conversely, has no legitimate basis to oppose the retroactive annulment of the automatic stay. See In re. Brooks, 79 B.R. 479, 481 (9th Cir. 1987) ("If the debtor or trustee chooses not to invoke protections of § 362(a), no other party may attack acts in violation of the automatic stay.").

9. Debtor, through his undersigned counsel, has moved the Second District to reinstate his

appeal predicated upon this Court retroactively annulling the automatic stay. Hence, the relief requested herein is not moot, but will ensure Debtor can pursue his appellate rights in state court.

10. Therefore, in order for the Debtor to preserve his appeal in state court, the debtor is requesting this court annul the automatic stay retrospectively, so the Debtor's meritorious appeal can move forward.

**WHEREFORE**, Movant prays for an order granting the Debtor's Motion to Annul the Automatic Stay Retrospectively and for such other relief as is just and proper.

**DATED: June 21, 2016**

Stop Law Firm

**/s/ Mark Stopa**
Mark P. Stopa, Esquire
FBN: 550507
STOPA LAW FIRM
2202 N. Westshore Blvd
Suite 200
Tampa, FL 33607
(727) 851-9551
foreclosurepleadings@stopalawfirm.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Electronic Mail/U.S. Mail to all parties of interest, this 21st day of June 2016.

Stopa Law Firm

**/s/ Mark Stopa**
Mark P. Stopa, Esquire
FBN: 550507
STOPA LAW FIRM
2202 N. Westshore Blvd
Suite 200
Tampa, FL 33607
(727) 851-9551
foreclosurepleadings@stopalawfirm.com
Attorney for Debtor